UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-069-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY SPARKS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Anthony Sparks has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  [Record No. 46]  The motion will be denied for the reasons that follow.

**I.**

Sparks pled guilty to two counts of possessing with the intent to distribute methamphetamine (Counts 1 and 2), possessing a fireman in furtherance of a drug trafficking crime (Count 3), and possessing a firearm after having been convicted of a felony (Count 5). [Record No. 31]  He was sentenced on May 24, 2019, to 240 months on each of Counts 1 and 2, to run concurrently, 60 months on Count 3 to run consecutively, and 52 months on Count 5 to run consecutively.  [Record No. 37]  His 352-month term of incarceration will be followed by five years of supervised release.  *Id.*

**II.**

As a general matter, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  It, however, may reduce a defendant's sentence if it finds that

- 1 -

"extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction. Specifically, the Court may consider: "the defendant's (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant was a victim of abuse while in custody"; (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; and (6) "unusually long sentence" if a defendant "has served at least ten years of the term of imprisonment" then changes to the law "(other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b)(1)–(4) (U.S. Sent'g Comm'n 2023)); § 1B1.13(b)(5)–(6).

However, Section 1B1.13(b)(6) (*i.e.*, an unusually long sentence) was recently deemed invalid by the United States Court of Appeals for the Sixth Circuit because the Sentencing Commission exceeded its authority with that amendment. *United States v. Bricker, United States v. McHenry, and United States v. Orta*, 135 F.4th 427, 450 (6th Cir. 2025).

Additionally, "'there is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed' for the violation of a statute." *Id.* (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). And a criminal defendant "'serving the duration of a lawfully imposed sentence'" is routine—"'not compelling.'" *Washington*, 122 F.4th at 267 (quoting *McCall*, 56 F.4th at 1056). Further, extraordinary and compelling circumstances contemplated by Congress and the Sentencing Commission have historically focused on circumstances personal to the defendant or his family. *Washington*, 122 F.4th at 267.

**III.**

Sparks brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on (1) an unusually long sentence, (2) a non-retroactive amendment to a sentencing policy statement, (3) time served, (4) rehabilitation efforts, (5) mental health and substance use treatment, and (6) a desire to regain custody of his children. [Record No. 46] Aside from the fact that Sparks was sentenced to a within-guidelines term of incarceration that was not unusually long and he has not served more than ten years of that sentence, the Sixth Circuit has held that Section 1B1.13(b)(6) is be invalid. *Bricker, McHenry, and Orta*, 135 F.4th at 450.

Next, Sparks argues that because the Sentencing Commission has amended its policy statement in 5H1.1 regarding youthful offenders, the Court should consider his age under the "other reasons" provision in § 1B1.13(b)(5). [Record No. 46 at 4–9] He concedes that the amended policy statement is non-retroactive. *Id.* However, he urges the Court to consider this change in the law along with his rehabilitative efforts while incarcerated and the time he has served to find extraordinary and compelling reasons that a reduction in his sentence is warranted.

- 3 -

The amended policy statement regarding age pertains to the role that age may play in determining whether a sentencing departure is warranted.  Section 5H1.1 was amended, effective November 1, 2024, to include a section on youthful offenders, noting "[c]ertain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice system."  And while Sparks did commit several offenses before reaching his mid-twenties, he was not a youthful offender (age 29) at the time he committed the offenses resulting in his conviction here.  And based on the nature of Sparks' actions as outlined in the Offense Conduct section of his Presentence Investigation Report ("PSR") (¶¶ 9–29), the Court remains concerned the sentence originally imposed is needed to provide both general and specific deterrence and protect the public from future potential crimes by Sparks. Although Sparks' age at the time he committed his crimes has been considered (at the time of sentencing and now), it does not alter the analysis regarding imposition of a just punishment for his drug-trafficking and firearms offenses.  Contrary to Sparks' assertion that the undersigned "would have granted a downward departure" had this amendment occurred prior to his sentencing, he is incorrect.  No such departure would have been granted.  [Record No. 46 at 4]

Sparks also believes he has experienced sufficient rehabilitation while incarcerated. [*See generally* Record No. 46.]  He has completed vocational training, participates in the medication assisted treatment for his substance use disorder, and has completed drug treatment education, among other things.  [Record No. 46-1 at 7]  It appears that Sparks is making good use of his time while incarcerated.  However, his Individualized Needs Plan indicates several

remaining areas of need, and the BOP has designated him as having a high risk of recidivism.[1] [Record No 46-1 at 8]  Even when coupled with the non-retroactive changes to § 5H1.1, these rehabilitative efforts fall far short of extraordinary and compelling under § 1B1.13(b)(5).

In summary, Sparks argument that his "youthfulness" should be considered under the "other reasons" catchall as extraordinary and compelling grounds for compassionate release, is unconvincing.  The Court reiterates that there is nothing *extraordinary* about leaving penalties Congress prescribed untouched or about Sparks serving the duration of his lawfully imposed sentence.  Further, "other reasons" are constrained by the situations enumerated in subsections (1) through (4)—all of which pertain personally the defendant or his family—not nonretroactive changes to the law.

Finally, Sparks claims that a sentence reduction is warranted due to his need to care for his minor children.  [Record No. 46 at 11]  He represents that the mother of two of his children recently became incapacitated, resulting in the state obtaining custody.  *Id.*  Those two children are in foster care while his third has since been adopted.  *Id.*  Sparks wishes to obtain an early release to get his two children out of foster care.  *Id.*  He then plans to live with his mother and have those children join him.  *Id.*  Despite claiming that his mother is unable to provide care for the children, he asserts that she could share custody with him if that was required.  *See id.*

Section 1B1.13(b)(3)(A) allows a court to consider "family circumstances of the defendant" when assessing whether extraordinary and compelling reasons exist for a sentence

---

[1] Sparks claims that "the BOP has failed to reduce his risk level" under the First Step Act, despite his completing of programming designed to target his identified needs.  [Record No. 46 at 4]  However, Sparks must take that issue up with the BOP.  In any event, the undersigned further notes that the BOP's risk level is not the basis for denying the instant motion.

reduction. The provision provides that the "death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" may be considered. Other than claiming that his children's mother was placed in a domestic institution, he provides no support for this assertion. [*See* Record No. 46 at 11.]

In any event, Sparks is not a suitable caregiver for his minor children. While his rehabilitative efforts are commendable, it is extremely unlikely that a family court judge would grant him custody of his children. And a court would be misguided to do so. The undersigned does not doubt Sparks' love for his children. During his sentencing hearing, the undersigned specifically encouraged the defendant to remain in contact with his children and to build a relationship with them while he is incarcerated. But because of his extensive criminal history, which includes several domestic-related offenses involving his child and the child's mother, and the dangerousness of the offense for which he is serving time, awarding Sparks custody would be wholly inappropriate and misguided.

In conjunction with this claim and generally, Sparks also seeks the appointment of counsel. [Record No. 46 at 11, 13] The Court, however, appoints counsel only when the interests of justice require. *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Further, "[a]ppointment of counsel is discretionary, and it is only warranted where a defendant makes a showing that it would be necessary." *United States v. Pierce*, No. 5: 14-056-DCR, 2021 WL 4189614, at *5 (E.D. Ky. Sept. 14, 2021).

Here, Sparks has not demonstrated that the appointment of counsel is necessary. He claims that such an appointment is needed because his children are presently separated from each other as one has been adopted and the other two are in foster care. [Record No. 46 at 11]

- 6 -

As discussed previously, due to Sparks' significant criminal history, it is implausible that a family court would award him custody. Further, his criminal history included four violations of EVOs/DVOs and three other violations where the charges were dismissed. [PSR at ¶¶ 60–61, 63, 66, 74–75, 78]  In two of those violations, Sparks attempted to convince the child to leave with him.  Further, the child who has been adopted is no longer legally Sparks' child, and, therefore, he would be unable to orchestrate his three children living together.  Finally, he has presented his arguments with clarity, and there is nothing unusually complex about his claims.  Therefore, his request will be denied.

The undersigned is sympathetic to Sparks' desire to leave prison to be with his children. [Record No. 46-1 at 9]  While it might not always feel this way, Sparks still has an opportunity to positively influence his children while incarcerated.  He is already doing this by focusing on rehabilitation, advocating for his children, and staying in touch with them to the extent that he can.  Hopefully, he will continue to make positive strides in this area.

## IV.

In addition to finding no extraordinary or compelling reasons to reduce Sparks' sentence, the relevant 3553(a) factors also do not support relief.  [Record No. 46 at 12]  Sparks offense of conviction was serious.  The facts set forth in his plea agreement include that he distributed about an ounce of methamphetamine each day for six months, was arrested twice with methamphetamine in his possession, and during each arrest he was in possession of firearms as a convicted felon.  [Record No. 31]  He also received a leadership enhancement for his role in his drug-trafficking endeavors.  While Sparks now may think differently about criminal behavior, the sentence imposed remains appropriate. It remains sufficient, but not greater than necessary, to serve the purposes of 18 U.S.C. § 3553(a).

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that the defendant's motion [Record No. 46] is **DENIED**.

Dated: November 17, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky